UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK HUTCHINSON, | Case No. 15-11158 |
| Plaintiff, | Linda V. Parker |
| v. | United States District Judge |
| STERLING MANAGEMENT LTD., *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
RULE 41(B) DISMISSAL AND
MOTION FOR SUMMARY JUDGMENT  (Dkt. 21)**

**I.     PROCEDURAL HISTORY**

Plaintiff, who is represented by counsel, filed this lawsuit in Oakland County Circuit Court and it was removed to this Court on March 27, 2015.  (Dkt. 1).  On December 29, 2015, defendants filed a motion for summary judgment.  (Dkt. 21).  On February 8, 2016, District Judge Linda V. Parker referred this matter to the undersigned for report and recommendation.  (Dkt. 22).  On March 2, 2016, the Court issued a scheduling order on this motion.  (Dkt. 23).  The order noted in bold print that failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.  *Id*.

Counsel for plaintiff failed to file a timely response to the motion for

summary judgment.¹ After repeated phone calls to plaintiff's counsel, which went unreturned, the Court issued an order (Dkt. 24), requiring plaintiff to show cause in writing, by May 11, 2016, why this matter should not be dismissed for failure to prosecute. *See e.g.*, *Watsy v Richards*, 1987 WL 37151 (6th Cir. 1987) (A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.). Plaintiff's counsel was again warned, in bold print, that failure to timely or adequately respond in writing to the Order to show cause or timely file a response to the motion would result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b). (Dkt. 24). As of the date of this report and recommendation, plaintiff has failed to respond to the show cause order, file a response to the pending motion, or otherwise contact the Court.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 21) be **TERMINATED** as **MOOT**.

---

¹ Plaintiff's first listed counsel, Elbert L. Hatchett has been suspended from practice in the Eastern District of Michigan, but plaintiff's other listed counsel, Marcellus Long, Jr., remains in good standing. All orders in this case were sent via the Case Management/Electronic Case Files (CM/ECF) system utilized by the Court and in which both of plaintiff's counsel participate.

2

II. ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these

3

> rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to

4

prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Consequently, the undersigned concludes that plaintiff's repeated failures to respond to the motion for summary judgment also amounts to abandonment for the purpose of this analysis. *Brown v. VHS of Mich., Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013) (A plaintiff is deemed to have abandoned a claim when he fails to address it in response to a motion for summary judgment.).

Thus, the first and second factors weigh in favor of dismissal.

Moreover, based on the number of warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. (Dkt. 23, 24). This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal more than once, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). In this case, as in *Croton*, the Court warned plaintiff multiple times in writing that dismissal in defendants' favor would be granted if he failed to file a response to the motion and to the order to show cause. (Dkt. 23, 24). *See also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013). And finally, given plaintiff's failure to file a response as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. However, given that plaintiff is represented by counsel and the failings in this case are directly attributable to counsel, the dismissal should be without prejudice. Given the foregoing conclusions, the undersigned also recommends that the pending motion for summary judgment be terminated as moot.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion for summary judgment (Dkt. 21) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), E.D. Mich. Local

Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 29, 2016                    s/Stephanie Dawkins Davis
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 29, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov

8